UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE ANDERSEN

MAGISTRATE JUDGE COX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 09 CR 736 |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Section 371; Title 22, United |
| DAVOUD BANIAMERI, | ) | States Code, Section 2778(c); and Title 22, |
| also known as "Davoud Baniamery," | ) | Code of Federal Regulations, Sections |
| "David Baniameri," and | ) | 121.1, 123.1 & 127.1(a)(3) |
| "David Baniemery"; and | ) | |
| | ) | |
| ANDRO TELEMI, | ) | |
| also known as "Andre Telimi" and | ) | |
| "Andre Telemi" | ) | |

FILED
JN
DEC 2 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL SEPTEMBER 2008 GRAND JURY charges:

1. At times material to this Indictment:

    a. In furtherance of the foreign policy and security of the United States, the Arms Export Control Act (AECA) (22 U.S.C. § 2778) authorized the President of the United States to control the export of "defense articles" from the United States.

    b. Pursuant to the authority granted in the AECA, the State Department, Directorate of Defense Trade Controls, promulgated regulations, which are known as the International Traffic in Arms Regulations (ITAR) (22 C.F.R. §§ 120-130), that specifically governed the export of "defense articles." The ITAR also contained the United States Munitions List (22 C.F.R. § 121.1), which designated what items were "defense articles".

    c. Once an item was designated as a "defense article" on the United States Munitions List, a person or governmental entity seeking to export that item from the

United States were required to receive a license or other approval to do so from the Department of State, Directorate of Defense Trade Controls.

  d. A "connector adapter," uniform military part number 18876-11486766-MFR-62577, is the main connector that attaches the missile guidance set to the traversing unit for the TOW and TOW2 missile system.

  e. The "connector adapter" was defined by the ITAR as a "defense article" covered by Category IV (h) on the United States Munitions List.

  f. Defendant DAVOUD BANIAMERI, also known as "Davoud Baniamery," "David Baniameri," and "David Baniamery" ("BANIAMERI") was an Iranian national and a legal permanent resident of the United States, maintaining an address in the State of California.

  g. Defendant ANDRO TELEMI, also known as "Andre Telimi" and "Andre Telemi" ("TELEMI") was a naturalized United States citizen.

  h. Co-Conspirator A was an Iranian national located in Iran.

  i. "Company A" was an undercover company operated by undercover federal agents (the "UCAs") of the United States government.

2. Beginning in or about August 2009, and continuing until in or about September 2009, in the Northern District of Illinois, and elsewhere,

DAVOUD BANIAMERI,
also known as "Davoud Baniamery," "David Baniameri," and "David Baniamery,"

and

ANDRO TELEMI,
also known as "Andre Telimi" and "Andre Telemi,"

defendants herein, conspired with Co-Conspirator A and others known and unknown to the grand jury, to knowingly and willfully export from the United States to another country defense articles designated on the United States Munitions List, namely, ten connector adaptors, without first having obtained the required license or other approval for such export, in violation of Title 22, United States Code, Section 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1 & 127.1(a)(3).

## OVERT ACTS

3. In furtherance of this conspiracy, and to accomplish its objectives, defendants performed and caused to be performed the following overt acts:

   a. Sometime prior to August 10, 2009, Co-Conspirator A contacted defendant BANIAMERI and requested that defendant BANIAMERI purchase and export ten connector adapters from the United States.

   b. On or about August 10, 2009, defendant BANIAMERI sent an email to Co-Conspirator A asking for additional information about the connector adapters, including photographs.

   c. On or about August 10, 2009, defendant BANIAMERI sent an email

to Company A via an Internet trade website that is used by buyers and sellers of merchandise to contact each other regarding potential business transactions. In the email, defendant BANIAMERI referenced the connector adapters by part number, requested a price for 10 connectors, and attached photos of the connector adapters.

   d. On or about August 12, 2009, defendant BANIAMERI called a UCA at Company A to discuss the purchase and export of connector adapters from the United States.

   e. On or about August 12, 2009, defendant BANIAMERI sent an email to Co-Conspirator A, informing him of his attempts to obtain the connector adapters.

   f. On or about August 13, 2009, defendant BANIAMERI caused the UCA to email him photos of the connector adapters.

   g. On or about August 13, 2009, defendant BANIAMERI sent an email to Co-Conspirator A, attaching photographs of the connector adapters that he had received from the UCA and requesting that Co-Conspirator A confirm that they were the correct items.

   h. On or about August 17, 2009, defendant BANIAMERI sent an email to the UCA, asking for a pro forma invoice for the purchase of ten connector adapters and requesting that the pro forma invoice be addressed to defendant TELEMI at Oceanic Import Cars, Inc., email address andre@oceanics.com.

   i. On or about August 17, 2009, defendant BANIAMERI caused the UCA to call him on the telephone to discuss the purchase and export of the connector

adapters. Defendant BANIAMERI informed the UCA that defendant BANIAMERI wanted the connector adapters shipped to defendant TELEMI and that defendant BANIAMERI would provide defendant TELEMI with the purchase money for the connector adapters.

j. On or about August 18, 2009, defendant BANIAMERI caused the UCA to send an email to defendant BANIAMERI and defendant TELEMI, attaching a pro forma invoice for ten connectors.

k. On or about August 19, 2009, defendant TELEMI caused the UCA to call him on the telephone to discuss the purchase and export of the connector adapters.

l. On or about August 21, 2009, defendant TELEMI caused the UCA to call him on the telephone to discuss the purchase and export of the connector adapters.

m. On or about August 21, 2009, defendant BANIAMERI emailed Co-Conspirator A about the purchase and export of the connector adapters.

n. On or about August 24, 2009, defendant TELEMI caused the UCA to call him on the telphone to discuss the logistics of delivering the connector adapters to defendant TELEMI.

o. On or about September 1, 2009, defendant BANIAMERI and defendant TELEMI met with the UCAs in California to discuss the purchase and export of the connector adapters. Among other things, defendant BANIAMERI provided the

UCA with a credit card number to facilitate the purchase of the connector adapters.

      p.    On or about September 2, 2009, defendant TELEMI called the UCA, leaving a voicemail informing the UCA to charge a down payment for the connector adapters to the credit card that defendant BANIAMERI provided to the UCA during the September 1, 2009 meeting.

      q.    On or about September 3, 2009, defendant TELEMI caused the UCA to email defendant TELEMI and defendant BANIAMERI, attaching a revised pro forma invoice for the purchase of the connector adaptors.

      r.    On or about September 4, 2009, defendant TELEMI caused the UCA to call him on the telephone, during which call defendant TELEMI informed the UCA that he would wire twenty percent of the sales price to the UCA as a down payment and would pay the balance upon receipt of the connectors.

      s.    On or about September 7, 2009, defendant BANIAMERI caused the UCA to call him on the telephone, during which call defendant BANIAMERI informed the UCA that he would wire a twenty percent deposit to the UCA's account on September 8, 2009, and that defendant BANIAMERI expected to have the remaining funds in his account later in the week.

      t.    On or about September 8, 2009, defendant BANIAMERI and defendant TELEMI caused $2000 to be wire transferred to Company A's bank account, located in the Northern District of Illinois.

      u.    On or about September 9, 2009, defendant BANIAMERI called the

UCA, leaving a voice mail informing the UCA that a wire transfer for the partial payment had been sent to Company A's bank account.

   v. On or about September 9, 2009, defendant BANIAMERI attempted to board a flight from Los Angeles, California, to Dubai, United Arab Emirates, to facilitate the export of the connector adapters.

   w. On or about September 9, 2009, defendant TELEMI met with the UCA in Los Angeles, California, made the final payment, and took possession of the connector adapters.

   All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1. The allegations in Paragraph 1 of Count One are incorporated and re-alleged as though fully stated herein.

2. Between August 2009, and in or about September 2009, in the Northern District of Illinois, and elsewhere,

DAVOUD BANIAMERI,
also known as "Davoud Baniamery," "David Baniameri," and "David Baniamery,"

and

ANDRO TELEMI,
also known as "Andre Telimi" and "Andre Telemi,"

defendants herein, knowingly and willfully attempted to export from the United States to another country defense articles designated on the United States Munitions List, namely, ten connector adapters, without first having obtained the required license or other approval for such export;

In violation of Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Section 127.1(a)(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

8